IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAPITAL ONE, N.A., | : |
| Plaintiff | : |
| v. | : Civil Action No. 11-CV-_____ |
| ISIDORE BLEIER, MATHIAS DEUTSCH and MORRIS WEINBERG, | : |
| Defendants | : |

## COMPLAINT

Plaintiff Capital One, N.A., successor by merger to North Fork Bank, by and through its counsel, McCarter & English, LLP, by way of complaint against defendants Isidore Bleier, Mathias Deutsch and Morris Weinberg, says:

## PARTIES

1. Plaintiff Capital One, N.A., also known as Capital One Bank ("Capital One" or the "Bank") is a national banking association, with its principal place of business in Virginia.

2. Defendant Isidore Bleier ("Bleier") is an adult individual and a citizen of New Jersey residing at 1518 Parkside Drive, Lakewood, NJ 08701.

3. Defendant Mathias Deutsch ("Deutsch") is an adult individual and a citizen of New Jersey residing at 1441 Cedarview Avenue, Lakewood, NJ 08701.

4. Defendant Morris Weinberg ("Weinberg") is an adult individual and a citizen of New Jersey residing at 34 Sherie Court, Lakewood, NJ 08701.

5. Defendants Bleier and Deutsch are members of Oxford Portfolio, LLC ("Oxford"), a Pennsylvania limited liability company.

6. Defendant Weinberg owns MMW Realty, LLC, the third member of Oxford.

7. This Complaint seeks enforcement of a certain Guaranty of Payment pursuant to which the Defendants guaranteed certain indebtedness and other obligations owed by Oxford to Capital One.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue in this district is proper pursuant to 28 U.S.C. §1391(a) because the events giving rise to the claim occurred in this District.

## BACKGROUND ALLEGATIONS

10. Capital One repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

11. On or about June 13, 2007, Capital One and Oxford entered into a financing transaction (the "Loan") in which Oxford borrowed from Capital One the amount of $6,100,000.00.

12. The Loan is evidenced by a Promissory Note dated as of June 13, 2007 (the "Note").

13. A true and correct copy of the Note is attached as Exhibit "A" and is incorporated by reference.

14. To secure its obligations under the Note, Oxford executed and delivered an Open-End Mortgage and Security Agreement dated June 6, 2007 and made effective

June 14, 2007 (the "Mortgage") granting Capital One a first priority lien upon and security interest in a certain real estate located in Philadelphia County, Pennsylvania and commonly known as 5051 Oxford Avenue, 4901 Oxford Avenue, and 4925 Saul Street, Philadelphia, PA (the "Mortgaged Property").

15. A true and correct copy of the Mortgage is attached as Exhibit "B" and is incorporated by reference.

16. In consideration of and as partial security for the Loan, Bleier, Deutsch, and Weinberg (collectively, "the Defendants") executed and delivered to Capital One a Guaranty of Payment dated as of June 13, 2007 (the "Guaranty") pursuant to which the Defendants guarantee to Capital One, subject to certain conditions, the payment and performance of, inter alia, the obligations of Oxford pursuant to the Loan Documents (as defined below) (the "Guaranteed Obligations").

17. A true and correct copy of the Guaranty is attached as Exhibit "C" and is incorporated by reference.

18. The Note, the Mortgage, the Guaranty, and the documents and instruments executed and connected with them are collectively referred to as the "Loan Documents."

19. By letter dated September 10, 2010, Capital One notified the Defendants and Oxford that Oxford was in default of the Loan Documents for, inter alia, failing to timely make payments as required therein (collectively, the "Defaults"), and that all sums due and to become due under the Loan Documents had been accelerated and were immediately due and payable.

20. Oxford has failed to cure the Defaults.

21. A default under the Note is a default under the Guaranty.

22.     Pursuant to the terms of the Note, interest is payable on the principal balance of the Loan at a fixed annual rate of 6.0% (the "Note Rate").  Exhibit A at page 1, subparagraph (A).

23.     In addition to principal and interest, Oxford is liable to Capital One for "all costs of collection or attempting to collect this Note, including reasonable attorneys' fees and expenses."  Exhibit A, page 3, fifth paragraph.

24.     As a result of the Defaults, the following amounts remain due and owing to Capital One under the Loan Documents (the "Obligations"):

| | |
|---|---:|
| Loan Principal Balance | $6,077,083.13 |
| Interest as of April 4, 2011 | $1,289,074.01 |
| **Subtotal:** | **$7,366,157.14** |
| Counsel Fees as of March 31, 2011 | $77,078.08 |
| **TOTAL OBLIGATIONS** | **$7,443,235.55** |

25.     Oxford has failed to repay the Obligations to Capital One.

26.     Pursuant to the terms of paragraph 23 of the Guaranty, the Defendants are obligated to Capital One to repay:

> the lesser of (a) the amount by which the outstanding principal amount of the Note exceeds seventy five percent (75%) of the appraised value of the [Mortgaged] Property, as determined by the Bank at the time a demand for payment hereunder is made or (b) the outstanding principal balance of the Note at the time a demand for payment hereunder is made.

27.     The outstanding principal balance of the Note exceeds 75% of the value of the Mortgaged Property by an amount in excess of $75,000.

### COUNT ONE
(Breach of Contract)

28.     Capital One repeats and realleges the allegations of the foregoing

paragraphs as if more fully set forth herein.

29. The Guaranty constitutes a valid and binding contract between Capital One and the Defendants pursuant to which the Defendants agreed, <u>inter</u> <u>alia</u>, to repay the Guaranteed Obligations.

30. As more fully set forth above, Defendants have failed to repay the Guaranteed Obligations.

31. The Defendants' failure to repay the Guaranteed Obligations constitutes a breach of the Guaranty.

32. As a result of Defendants' breach, Capital One has been damaged.

**WHEREFORE**, Plaintiff Capital One, N.A. respectfully requests that this Court enter judgment in its favor and against Defendants Isidore Bleier, Mathias Deutsch, and Morris Weinberg, jointly and severally, in an amount in excess of $75,000.00, together with costs and such other and further relief as this Court deems just and proper.

Dated:  May 4, 2011

By:  /s/ Robert J. Hoelscher
Robert J. Hoelscher
Joshua Roberts
Attorney ID Nos. 26746, 86687
McCarter & English, LLP
BNY Mellon Center, Suite 700
1735 Market Street
Philadelphia, PA  19103
(215) 979-3800
(215) 979-3899 (fax)

Attorneys for Plaintiff,
Capital One, N.A.

ME1 11513500v.1